FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA 2017 NOV -1 PM 12:05
GAINESVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

THOMAS LEBLANC,

    Plaintiff,

vs.

CASE NO.: 3:17-cv-1228-J-25JBT

AARON'S SALES & LEASE
OWNERSHIP, INC., a Foreign Profit
Corporation, also known as AARON'S,
INC.,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, THOMAS LEBLANC ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, AARON'S SALES & LEASE OWNERSHIP, INC, a Foreign Profit Corporation, also known as AARON'S, INC., ("AARON'S"), and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain declaratory relief, a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3. At all times material to this action, Plaintiff was a resident of Leon County, Florida.

4. At all times material to this action, AARON'S was, and continues to be, a Foreign Profit Corporation. Further, at all times material hereto, AARON'S was, and continues to be, regularly and continuously engaged in and conducting business in Florida, where Plaintiff was employed, with a principal place of business in Fulton County, Georgia.

5. At all times material to this action, Plaintiff was engaged in handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce within the meaning of §6 and §7 of the FLSA.

6. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times material to this action, Defendant was Plaintiff's' "employer" within the meaning of the FLSA.

8. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. At all times material to this action, AARON'S was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of AARON'S was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material to this action, AARON'S had two (2) or more

employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as furniture, office supplies and equipment for the Defendant's business.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

13. In January 2014, Defendant hired Plaintiff to work as a non-exempt, hourly and commission-paid manager trainee.

14. Plaintiff's job duties included, but were not limited to, dealing with delinquent customers, stocking items, making some deliveries and making bank deposits.

15. In every week, or nearly every week, of his employment, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

16. Plaintiff's regular schedule during his employment was 45 hours per week.

17. From at least January 2014 through February 2016, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek, due to Defendant's policy and practice of failing to reimburse Plaintiff for mileage incurred attending to required company bank runs in his personal vehicle, leading to unlawful kickbacks to Defendant of Plaintiff's overtime wages.

18. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per

workweek, as required by the FLSA.

19. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

20. Defendant has violated Title 29 U.S.C. §207 from at least January 2014 and continuing through February 2016, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant; and

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA, due to Defendant's practice of failing to reimburse Plaintiff for mileage which was incurred in Company business and was a business expense which should have been borne by Defendant, but instead was borne by Plaintiff and paid out of his overtime wages. Thus, Plaintiff did not receive his overtime wages "free and clear," as required by the FLSA.

21. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendant knew or reasonably should have known that it was required to compensate Plaintiff for his mileage in overtime weeks to avoid an unlawful kickback of his overtime wages to the company, and Plaintiff specifically requested reimbursement for this mileage, and was specifically denied payment for same.

22. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff re-alleges paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

24. From at least January 2014 through February 2016, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

25. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

26. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff for mileage, thereby forcing Plaintiff to bear Defendant's business expense out of his overtime wages, when Defendant knew or reasonably should have known, that it was required to compensate for this mileage in order to avoid an unlawful kickback.

27. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

28. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual and liquidated damages, a declaration that Defendant's conduct

violated the FLSA, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 30th day of October, 2017.

Respectfully submitted,

/s/ Angeli Murthy

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*